UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** } | | |
| } | | |
| V. } | 08 CR 424 | |
| } | | |
| **JADWIGA MALEWICKA** } | JUDGE LINDBERG | |
| } | (1425) | |

**COMBINED MOTION FOR DISCOVERY**

COMES NOW the Defendant, JADWIGA MALEWICKA, through her counsel, Nishay K. Sanan, Esq., and respectfully moves this Honorable Court for an Order granting discovery and inspection of the following:

**I. BRADY MATERIAL: Brady v. Maryland, 373 U.S. 83 (1963).**

   **A**. FAVORABLE EVIDENCE

   1. All information in the possession of the Government which is favorable to the Defendant and which relates or tends to relate to the guilt or innocence of the Defendant and to questions of punishment; all information which may be used for impeachment of Government witnesses.

   2. All information in the possession of the Government which shocks the conscience and is favorable to the Defendant. United States v. Agurs, 427 U.S. 97 (1976).

3. All material evidence which reasonably relates to the reasonable doubt of guilt or which reasonably relates to sentence. <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4. Any and all information relative to the within charges not presented to either the Grand Jury.

**B. NEGATIVE EVIDENCE**

6. Any and all information which shows that Defendant MALEWICKA was not involved or connected or had any part in acts perpetrated by unindicted co-conspirators.

7. Any and all information which shows that Defendant MALEWICKA was neither present nor involved in any alleged act.

**C. EVIDENCE OF LACK OF CRIMINAL INTENT OR KNOWLEDGE**

8. Any and all information showing or tending to show Defendant's lack of knowledge as to the nature of any transactions mentioned in the indictment.

9. Any and all information showing or tending to show lack of criminal intent on the part of Defendant, MALEWICKA, in her dealings or financial transactions.

**D. IMPEACHING EVIDENCE**

10. Any and all information that is favorable to Defendant, MALEWICKA, or which may lead to favorable information or which may be used for impeachment of Government witnesses.

11. Defendant, MALEWICKA, further requests disclosure of any and all statements of any and all individuals which may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by any individuals, which are inconsistent, in whole or in part, with any and all statements made by other individuals who have given statements relevant to the charges against Defendant.

**E. EXONERATIVE EVIDENCE**

12. Defendant demands any and all evidence which is exculpatory within the meaning of <u>Moore v. Illinois,</u> 408 U.S. 786, rehearing denied 409 U.S. 897 (1972), specifically, but not limited to the following documents. The term documents as hereinafter used includes, but is not limited to, bids, forms, annual audits, agreements, contracts, bank records, checks for premiums, claims, final accounting, correspondence, telegrams, notes, and any and all other written communications.

13. Defendant demands the names and current addresses of any and all persons who were present during any of the acts alleged against the Defendant, MALEWICKA, or who heard or saw any of the activities alleged to have been

committed by Defendant, MALEWICKA. This request is made regardless of whether or not said person will be called as a witness in the trial of this matter.

14. Defendant demands a copy of the arrest records of each of the witnesses the Government intends to call.

15. Defendant demands to be informed of the existence and scope of any and all offers of immunity, plea bargains, promises of leniency, indications of leniency, or negotiations concerning pleas conducted by the Government with any confidential informant, unindicted co-conspirator, or witness concerning matters contained in this indictment or any other investigation whether concluded, pending or projected.

**II. GRAND JURY**

16. The names and current addresses of witnesses appearing before the Grand Jury.

17. State whether any witness before the Grand Jury summarized all of the testimony or events given before the Grand Jury in connection with this indictment. If the answer is in the affirmative, state whether the Grand Jury was specifically and clearly advised that it was receiving summarized testimony.

18. Copies of all documents and exhibits presented to the Grand Jury.

19. Summaries and copies of the statements of witnesses not presented or conveyed to the Grand Jury.

20. A list of the names and titles of each Government employee who was present in the Grand Jury room during the taking of any testimony (other than his own) in the course of the investigations of this case, or who was present during any other portion of the Grand Jury proceeding herein.

21. A list of the names and titles of each Government employee who, prior to the return of the indictment herein, examined outside of the Grand Jury's presence any document or other item obtained by means of any Grand Jury subpoena issued in the course of the investigation of this case.

22. A copy of any letter or other document authorizing the examination of Grand Jury materials by each of the Government employees.

23. A list of all Grand Jury subpoenas issued for documents and/or testimony in this case.

24. State whether the Grand Jury was a special or a regular Grand Jury.

25. State the date the Grand Jury was empanelled.

26. If the Grand Jury was a regular Grand Jury, state whether it heard evidence with regard to matters involving other investigations. If yes, how many additional matters did the Grand Jury hear?

27. State whether the indictment in its final form was drafted by the prosecutor before the Grand Jury voted to return an indictment.

28. State whether any witness before the Grand Jury testified with regard to circumstances or transactions about which he had no personal knowledge and if so, whether the Grand Jury was clearly and specifically advised that it was receiving hearsay testimony.

29. State whether the indictment in its final form was exhibited or read verbatim to each Grand Juror before she/he voted the indictment.

## III. ELECTRONIC SURVEILLANCE, MAIL COVER, SCIENTIFIC EXPERIMENTS, TESTS, MARKINGS, AND TRACINGS

30. All mechanical or electronic recordings and transcripts thereof that contain any conversations of Defendant or others which were made through the use of a wiretapping, eavesdropping, or recording device.

31. All information related to these indictments which was obtained through electronic, audio or visual surveillance conducted by any governmental agency or by any agent of the government or by any other person who may have communicated with the Defendant or others, or which was conducted on or in any place or premises, whether private or business, which Defendant or others owned, leased, occupied, or had some proprietary interest therein. Specifically the recorded conversations made by the confidential informant which were subsequently turned over to the prosecution.

32. All memoranda, logs, reports, records, notes, summaries, transcriptions, TWX communications, and written communications made by any employee or

agent or the Government concerning any statement or conversation referred to therein above.

33. Any and all applications and/or orders pertaining to electronic surveillance referred to herein above.

34. Results or reports of any scientific tests, examinations or experiments made in connection with this case, including specific tests made, the methods and procedures used and samples of the material tested.

35. Any and all photographs, diagrams, papers, documents, tangible objects or other material showing scenes, places of meetings, or any area where it is claimed that the Defendant, or confidential informant, met in connection with any aspect of this indictment.

36. All notes, memoranda, reports or other writings made by officers or agents of any law enforcement agency during surveillance of the Defendant.

37. State whether the Government intends to call expert witnesses to testify in this matter.

38. If the answer to paragraph 37, supra, is in the affirmative, state the name, current address, job title, curricula vitae, and brief statement as to the area that such witness will be called upon to testify.

39. If the answer to paragraph 37, supra, is in the affirmative, furnish the Defendant with a photocopy of any report together with a copy of the expert's

notes upon which that report is based. This question is supplemental and not repetitive of paragraph 39, supra.

40. State whether any dyes, inks or other markings were made by or on behalf of Government agents on any tangible item which will be offered in evidence.

41. If the answer to paragraph 40, supra, is in the affirmative, completely describe the item to be placed in evidence, indicate the proposed exhibit number of said item, and specifically state the nature of the marking made on the item.

## IV. PUBLICITY

42. Provide the Defendant with full and complete copies of all news releases, transcripts of press conferences, and any and all other information furnished the news media by any government agent or agency, with regard to the Defendant, MALEWICKA, or any potential government witnesses.

## V. JENCKS MATERIAL (18 U.S.C.A. §3500)

43. Defendant, MALEWICKA, demands that the government furnish counsel for the Defendant with Jencks Act material.

## VI. WITNESS LIST

44. In an exercise of discretion, courts may direct the government to provide a list of witnesses in advance of trial. See United States v. Napue, 834 F.2d 1311, 1381 (7th Cir. 1987); United States v. Turkish, 458 F. Supp. 874, 881 (S.D.N.Y. 1978); United States v. Price, 448 F. Supp. 503 (D. Col. 1978). This power is necessarily implicit in any fair reading of Rule 16(b), or Rule 7(f). See, e.g., Will

v. United States, 389 U.S. 90 (1967); United States v. Jackson, 508 F.2d 1001, 1006 (7th Cir. 1975); United States v. Beasley, 519 F.2d 233, 246 n. 11 (5th Cir. 1975); United States v. Moseley, 450 F.2d 506 (5th Cir.1971). A witness list will promote judicial economy, enable the defendants to prepare more efficiently for trial and streamline the trial in this cause. See United States v. Climatemo, Inc., 482 F. Supp. 376, 390 (N.D. Ill. 1979), affld sub nom., United States v. Reliance Sheet Metal Works, Inc., 705 F.2d 461 (7th Cir.) (list of witnesses would enable the court to determine, with some degree of accuracy, the length of time to be allocated to the trial and would expedite the trial by fostering a more purposeful cross-examination). A list of witnesses will also help to ensure that the defendants are provided with effective assistance of counsel. A witness list is especially appropriate in this case because the defendants do not know the identity of all the government's witnesses, and the trial proposes to be lengthy. Accordingly, the government should be ordered to produce a witness list before trial. See, e.g., United States v. Savides, 661 F. Supp. 1024, 1026 (N.D. Ill. 1987) (Bua, J.) (ordering government to produce list of testifying witnesses in large scale drug case so that counsel may provide competent representation and conduct meaningful investigation).

### VII. 404(b) Evidence

45. **Evidence Of "Other Crimes, wrongs or Acts"**

With respect to evidence of "other crimes, wrongs or acts" of the defendants, as that phrase is used in Fed. R. Evid. 404 (b), the government should identify, describe and produce:

(a) the dates, times, places and persons involved in the such other crimes, wrongs or acts;

(b) the statements of each participant in such other crimes, wrong or acts;

(c) the documents, including but not limited to, any notes, memoranda, reports, telephone records, correspondence, interviews or statements, which contain or evidence the other wrongs or acts including when the documents were prepared, who prepared the documents and who has possession of such documents; and

(d) the issue or issues to which the government believes the other crimes, wrongs or acts are relevant pursuant to Fed. R. Evid. 404(b).

Rule 404 (b),as amended in 1991, explicitly calls for the Government to give the notice called for above. The notice requirement "applies whether the government wishes to use the other act evidence in its direct case, on rebuttal, or as impeachment. United States v. Matthews, 20 F.3d 538, 551 (2d Cir. 1994). AccordWeinstein's Federal Evidence, §404.23[1] at 404-128 (2d Ed. 2000).

The purpose of the Rule's notice requirement is to "reduce Surprise and promote early resolution on the issue of admissibility." United States v. Robinson,110 F.3d 1320, 1326 (8th Cir. 1997). Thus, the government's notice "[a]t a minimum ...must be sufficiently clear to permit pretrial resolution of the issue of its admissibility." Weinstein, supra, §404.23[2]at pg. 404-127-128. Accord United States v. Barnes, 49 F.3d 1144, 1149(6th Cir. 1995). As Barnes stressed," courts should rebuff efforts to nullify the Rule's aim of enhancing fairness in criminal trials." Id. See also United States v. Singleton,922 F.Supp. 1522(D.Kan.

1998)(government's notice that it "might offer prior and subsequent conduct that involves the manufacture and distribution of counterfeit payroll checks or that relates to false statements" was impermissibly general).

In view of the goals of the Rule's notice requirement, the government additionally "must precisely articulate the purpose of the proffered evidence," and the "specific inferences to be drawn from the evidence of other acts." United States v. Birch, 39 F.3d 1089, 1093 (10th Cir. 1994). Accord United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985), cert denied, 474 U.S. 1081 (1986). Failure to satisfy this requirement, such as merely stating that the purpose of the evidence is "to prove the defendant's knowledge, identity, and absence of mistake or accident," renders the evidence inadmissible. Birch, supra, 39 F.3d at 1093.

Finally, given the Rule's purpose of resolving admissibility disputes pre-trial, the government's notification should come sufficiently in advance of the trial as to allow for meaningful briefing on and consideration of in limine motions dealing with such evidence. See e.a. United States v. Heatley, 994 F.Supp. 483, 491 (S.D.N.Y. 1998)(notice 10 days before trial insufficient).

46. **Evidence Of "Specific Instances of Conduct"**

Evidence of "specific instances of conduct" of the defendants as that phrase is used in Fed. R. Evid. 608(b) should also be disclosed. With respect to this notice, the government should identify, describe, and produce:

> (a) the dates, times, places and persons involved

in the specific acts of misconduct;

     (b)     the statements of each participant in the specific acts of misconduct;

     (c)     the documents, including but not limited to, any notes, memoranda, reports, telephone records, correspondence, interviews or statements, which contain or evidence the specific acts of misconduct including when the documents were prepared, who prepared the documents and who has possession of such documents.

While disclosure of Rule 608(b) evidence is not required, Defendant respectfully moves this Court to exercise its discretion to order production in accordance with his request, so that this complex prosecution may proceed with all possible expedition. Otherwise, her ability to properly prepare for trial and render the effective assistance of counsel guaranteed by the Sixth Amendment will be substantially impaired.

The Supreme Court has emphasized the liberal policy of discovery now underlying the Federal Rules of Criminal Procedure: "[There is a] growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice..." <u>Dennis v. United States</u>, 384 U.S. 855, 870-871 (1966).

Accordingly, Defendant requests that this Court require the government to give notice of Rule 608 (b) evidence that it will use at trial. Such an exercise would promote the integrity, fairness and efficiency of the trial.

**VIII. GENERAL**

47. The term "Government" as used throughout this motion includes the United States Attorney, or any employee of the United States Department of Justice, agents or employees of the Federal Bureau of Investigation, Security and Exchange Commission, Internal Revenue Service, United States Customs, and any other person acquainted or involved with the United States Government or any other municipality or subdivision thereof.

48. Defendant asserts that the above discovery requests represent demands which are continuing in nature and which require the Government to turn over such items as may come into their possession at a later date.

\

                                         Respectfully submitted,

                                         /s/ Nishay Sanan
                                         Nishay K. Sanan

Nishay K. Sanan
Law office of Nishay K. Sanan
327 S. Plymouth Court
Suite 201
Chicago, IL 60604
312-692-0360

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| V. | } | 08 CR 424 |
| | } | |
| **JADWIGA MALEWICKA** | } | **JUDGE LINDBERG** |
| | } | **(1425)** |

NOTICE OF FILING

*TO:  MADELEINE MURPHY, 219 SOUTH DEARBORN STREET, 5TH FLOOR, CHICAGO, ILLINOIS 60604*

***PLEASE TAKE NOTICE*** that on July 2, 2008, WE CAUSED TO BE FILED WITH THE CLERK OF THE COURT, DEFENDANT'S COMBINED MOTION FOR DISCOVERY, A COPY OF WHICH IS SERVED UPON YOU.

/S/ NISHAY SANAN_____
Nishay K. Sanan, Esq.
327. S. Plymouth Court
Suite 201
Chicago, IL 60604
312-692-0360

CERTIFICATE OF SERVICE

The undersigned, an attorney, first being duly sworn on oath, states that a copy of Motion was served upon the parties named by electronically filing the same pursuant to the local rules of ECM on July 2, 2008.

__/s/ Nishay Sanan_____