IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 424 |
| v. | ) | Judge George Lindberg |
| | ) | |
| JADWIGA MALEWICKA | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following consolidated responses to the pretrial motions filed by defendant Jadwiga Malewicka on July 2, 2008.

As of this writing, the government has produced Rule 16 materials to Malewicka, including relevant memoranda of interview, bank statements, correspondence, bank documents and summary tables concerning the transactions at issue in the indictment. Malewicka has filed the following motions, to which the government will respond in turn:

**I.    Brady material**

Malewicka seeks a variety of materials, ostensibly within the ambit *of Brady v. Maryland*, 373 U.S. 83 (1963), to which the government will respond in the order in which they have been presented.

**A.    favorable evidence**

**1.**    Malewicka seeks all information favorable to her, which relates or tends to relate to her guilt or innocence and to questions of punishment and all information which

may be used to for impeachment of government witnesses.

As of this writing, the government is unaware of any evidence favorable to Malewicka. The government acknowledges its continuing obligations under Rule 16 of the Federal Rules of Criminal Procedure, as well as its obligations pursuant *to Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972), and 18 U.S.C. §3500, to produce Jencks Act material, to provide defendant with favorable evidence material to issues of guilt and punishment, and to produce impeachment information. Should such information become known to the government, it will produce it by at the latest seven days prior to trial or if it becomes known to the government beyond that date, as soon as is reasonably possible. At this time, the requests are premature, as the government has no obligation to produce such information prior to trial. *United States v. Zipperstein*, 601 F.2d 281, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1031 (1980).

Malewicka's request for all information which relates or tends to relate to her guilt or innocence is extremely overbroad and beyond the scope of *Brady*. "There is no general constitutional right to discovery and Brady did not create one: . . . 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded.'" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)(quoting *Wardius v. Oregon*, 412 U.S. 470, 474 (1973). Rather, Brady "is a disclosure rule not a discovery rule." *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996).

**2.** All information in the possession of the Government which shocks the conscience and is favorable to the defendant. As of this writing, the government is not aware

of any such evidence.

    **3.** All material evidence reasonably relating to the reasonable doubt of guilt or which reasonably relates to sentence. This request is extremely broad and extremely vague. To the extent that it requests *Brady* material, the government is unaware of any *Brady* material as of this writing and is mindful of its continuing obligation to produce exculpatory information, as described above. Otherwise, blanket requests for any and all materials which the government has which could be helpful or useful to the defense of impeaching any witness toward any defendant are overbroad: defendant has no general right of pretrial discovery nor a right to require the prosecution to open its files for the defense. *United States v. Agurs*, 427 U.S. 97, 111 (1976).

    **4.** Any and all information relative to the charges not presented to the grand jury. Malewicka has cited no authority, and the government is not aware of any, which requires it to produce information that was not submitted to the grand jury. As discussed above, to the extent that this request calls for *Brady* material, the government is currently unaware of any and is mindful of its continuing obligation to produce Brady material, should it become aware of any at a later date.

**B.     Negative Evidence**

**6.**[1]     Information showing that Malewicka was not involved or connected or had any part in acts perpetrated by unindicted coconspirators. The government is unaware, as of this writing, of any unindicted coconspirators and thus has no such information.

**7.**     Information showing that Malewicka was neither present nor involved in any alleged act. The government is unaware of any such information.

**C.     Evidence of Lack of Criminal Intent or Knowledge**

**8.**     Information showing the defendant's lack of knowledge as to the nature of any transactions mentioned in the indictment. The government is unaware of any such information.

**9.**     Information showing a lack of criminal intent by Malewicka in her financial dealings or transactions. The government is unaware of any such information.

**D.     Impeaching Evidence**

**10.**     Any information favorable to Malewicka or which may lead to favorable information or to impeachment of government witnesses. As of this writing, the government is unaware of any information favorable to Malewicka or which may lead to information favorable to her. The government is also unaware of any evidence impeaching of potential government witnesses. As discussed above, if the government becomes aware of any such impeachment evidence, it will produce it seven days prior to trial.

---

[1]Malewicka's motion does not include a subsection 5.

11.     Statements inconsistent with a witness' other statements or inconsistent with the statements of other witnesses. To the extent that this request seeks *Brady* or *Giglio* material, the government is currently unaware of any such information and is mindful of its continuing obligation to produce *Brady* material as described above. Beyond that, the government is unaware of any authority, and Malewicka has cited none, requiring the government to identify inconsistences among "individuals'"statements or to produce reports or statement not otherwise called for by Rule 16, *Brady* and *Giglio*.

### E.     Exonerative Evidence

12.     Malewicka sees all evidence exculpatory within the meaning of *Moore v. Illinois*, 408 U.S. 786 (1972). As stated above, the government is unaware of any exculpatory evidence as of this writing and is mindful of its continuing obligation under Brady should it become aware of any such evidence.

13.     Names and current addresses of any persons present during the acts alleged against Malewicka or who heard or saw any of these acts, regardless of whether the individual will be called as a witness. The government is not required to provide a defendant with a list of prospective government witnesses, or a list of individuals it does not plan to call as witnesses. *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989).

14.     Arrest records of each witness the government intends to call. As of this writing, the government is not aware that any of the prospective witnesses in this case have ever been arrested. If the government should become aware of any such information, it will produce it seven days prior to trial.

**15.**     All offers of immunity, plea bargains or favorable treatment to CI's, witnesses or unindicted coconspirators. The government has not extended any offers of immunity, plea bargains, or favorable treatment to any witness in the course of this case and does not anticipate doing so.

### II.     Grand Jury

**Requests 16 through 29** seek information concerning the identities of witnesses appearing before the grand jury, witnesses not appearing before the grand jury, items presented to the grand jury, government personnel present in the grand jury, government personnel examining grand jury materials, grand jury subpoenas, and information concerning the grand jury itself.  Malewicka is not entitled to this information.  In accordance with Federal Rule of Criminal Procedure 6 and established precedent, grand jury materials are afforded broad protection from unwarranted discovery by criminal defendants. *See, e.g., Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958).  To obtain disclosure of grand jury materials, a defendant must establish a "particularized need" outweighing the established interests in grand jury secrecy. *United States v. Sells Engineering, Inc*., 463 U.S. 418, 443 (1983); *Proctor & Gamble Co.*, 356 U.S. at 681.  The burden on a defendant seeking to discover grand jury proceedings is a "heavy one to overcome." *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1974).  Malewicka has made no effort to establish any particularized need for the exhaustive list of materials and information she sees, and thus she should not be granted access to this information.

### III. motion concerning electronic surveillance, mail cover, scientific experiments, tests, markings and tracings

**Requests 30 through 41** seek information concerning electronic surveillance, mail cover, scientific experiments, or tests conducted during the investigation of this case. The government did not use any of these investigative tools during the course of this case and did not make any markings or place any dyes or inks on any tangible item of evidence recovered in this case. Therefore, this motion is moot.

### IV. motion concerning publicity

**Item 42** requests news releases, transcripts of press conferences and information furnished to the media by any government agency regarding Malewicka or any potential witnesses. To the knowledge of government counsel, no press release was made in connection with this case. In the event that some press release was made by the investigating agency, the government will produce it if it constitutes *Brady* or *Giglio* material. Otherwise, Malewicka has cited no authority requiring the production of such materials and the government is unaware of any authority requiring it to do so.

### V. Motion for Jencks material

As requested in **item 43**, the government will comply with the dictates of 18 U.S.C. § 3500 by providing statements and reports of its trial witnesses at the conclusion of their direct examination at trial.

### VI. Motion for a witness list

**Item 44** seeks production of a government witness list. As discussed above, the

government is not required to produce such a list. *See United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989). Though some courts have ordered the government to do so in the interests of judicial economy in lengthy cases, contrary to Malewicka's representations, the trial in this case is expected to be brief and a court order for a list of witnesses is indicated.

### VII.    motion regarding 404(b) evidence

**Item 45** seeks a variety of information concerning potential 404(b) evidence. As of this writing, the government does not anticipate introducing any 404(b) evidence. In the event that the government decides otherwise, it will provide notice pursuant to Rule 404(b) seven days prior to trial. However, Malewicka contends that the government should disclose not only the nature of any "other acts" evidence, but to provide specific evidentiary detail, including dates, times, locations, participants, documents and even the statements of each participant. Even an indictment requires no such detail to effectively put a defendant on notice of the offenses charged. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

The plain language of the Rule 404(b) itself specifically precludes the detailed disclosure demanded by Malewicka. Rule 404(b) only requires that the prosecution in a criminal case must "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any [other-acts] evidence it intends to introduce at trial." Fed. R. Evid. 404(b), reprinted in Federal Criminal Code and Rules at 241 (West 1997 Revised Edition) (emphasis added).

**46.**    Item 46, seeking 608(b) evidence, should be denied. Rule 608(b) allows a

cross-examiner to impeach a witness by asking the witness about specific instances of past conduct, other than crimes covered by Rule 609, which are probative of the witness's veracity. In addition, either party is entitled to use extrinsic evidence during cross examination in an attempt to impeach a witness by revealing the witness's bias in the case. *United States v. Abel*, 105 S. Ct. 465, 468-469 (1984).

"No rule or rationale guarantees the defense advance knowledge of legitimate impeachment before it calls a witness." *United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980), cert. denied, 450 U.S. 1000 (1981); see also *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989). Since the rule provides that this material by definition may not be used by the government in its case in chief, but only on cross examination, such material therefore is not discoverable. *United States v. Hartmann*, 958 F.2d 774, 789 n. 5 (7th Cir. 1992). Therefore, the request for 608(b) materials should be denied.

WHEREFORE, the government respectfully requests that this Court dispose of Malewicka's pretrial motions consistent with the government's position as stated above.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        /s/ Madeleine Murphy
By:   MADELEINE S. MURPHY
        Assistant United States Attorney
        219 S. Dearborn Street
        Chicago, Illinois   60604
        (312) 886-2070

CERTIFICATE OF SERVICE

    The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the aforenamed document was served pursuant to the district court's ECF system as to ECF filers on July 22, 2008.

                                      /s/   Madeleine S. Murphy
                                    MADELEINE S. MURPHY
                                    Assistant United States Attorney
                                    219 South Dearborn Street - 5000
                                    Chicago, Illinois 60604
                                    (312)  886-2070